ALBANY,
August, 1816.

CUNNINGHAM
v.
SPIER.

---

## CUNNINGHAM *against* SPIER.

Where A. transferred to B. stock in a turnpike company, which, at the time of the transfer, appeared by the books of the company to have been fully paid up by a credit of interest on the amount before paid in pursuant to a resolution of the directors, and this resolution was after the transfer repealed, and the stockholders called upon to pay in the amount before allowed for interest; in consequence of which B. paid to the company that sum on the shares transferred to him by A., it was held that B. could not maintain an action to recover the amount from A., there being neither fraud nor a warranty.

THIS was an action of assumpsit for money paid. The cause was tried before Mr. J. Platt, at the *New-York* sittings, in *December,* 1815.

The plaintiff gave in evidence a receipt signed by the defendant, which was in the following words; " Received, *New-York,* 18th of *April,* 1807, of Mr. *William Cunningham,* in cash and notes, five thousand and seventy-five dollars, in full for one hundred and forty-five shares in the *Newburgh* and *Cochecton* turnpike road. Paid thirty-five dollars for each share."

ALBANY,
August, 1816.
CUNNINGHAM
v,
SPIER.

At a meeting of the directors of, the *Newburgh* and *Cochec-ton* turnpike company, on the 12th of *December*, 1803, it was resolved, " that the treasurer place to the credit of each stock-holder the interest, at 14 per cent., of all money by them advanced to the company, up to the first day of *January*, 1804, and that the said interest be cast, and placed to each person's credit every six months thereafter." This resolution was rescinded on the 26th of *December*, 1804, and revived again by a resolution of the 14th of *May*, 1805; and on the 30th of *September*, 1806, it was resolved, "that the half yearly dividend of interest should in future be credited to the holders at the expiration of the half year." This last resolution was, by a resolution of the 17th of *January*, 1807, discontinued from the preceding 1st of *January*; and on the 2d *July*, 1808, it was resolved, " that whereas by a resolution of a former board of the directors of the *Newburgh* and *Cochecton* turnpike road com-pany, a dividend of 14 per cent., upon the capital stock of each stockholder, was allowed and deducted from the money due by them to said company on said stock, and whereas by an act entitled an act to prevent usury, it is unlawful for any per-son to take more than 7 per cent. per annum, and whereas by an act entitled an act to establish a turnpike company for making and improving a road from the village of *Newburgh*, on the *Hudson* river, to *Cochecton*, on the *Delaware*, a dividend of 14 per cent. is in no case allowed excepting from the clear profit and income of said road. Thereupon resolved, that said resolution is contrary to an exception contained in the 2d section of said act, which provides, that the president and directors of said company shall make no laws inconsistent with the constitution and laws of this state, and that it now is, and always had been, void, and of no effect. Resolved, that the treasurer be authorized to ask, and demand, of and from every stockholder, all moneys or stock yet due by them to the company, agreeably to the above resolve for rescinding the resolution allowing credits on said stock, by 14 per cent. anticipated interest."

It was proved that the stock mentioned in the receipt from the defendant to the plaintiff, consisted of 130 shares which stood in the books of the company, in the name of the de-fendant, and 15 shares, which stood in the name of one *Lock-*

wood, and were sold by the defendant, and which were charged to the plaintiff, in the books of the company, at 35 dollars per share. After the sale by the defendant to the plaintiff, there was a balance due from the plaintiff to the company, of 1,388 dollars and 6 cents, part of which, 1,181 dollars 20 cents, had been credited to the defendant on his shares, prior to the sale to the plaintiff, under the resolution of the company directing the treasurer to place to the credit of each stockholder the interest, at 14 per cent., of all moneys therein advanced to the company. In consequence of the resolution of the 2d of *July*, 1808, the treasurer of the company called upon the plaintiff to pay the sum of 1,388 dollars and 6 cents, or otherwise the shares would become forfeited; the defendant gave his notes for this sum, which were paid, as they became due; to recover part of which, to wit, 1,181 dollars 20 cents, the present action was brought, the residue of the above-mentioned balance being on account of other transactions between the plaintiff and the company. It was proved by *George Monell*, who was treasurer of the company, at the time of the transfer from the defendant to the plaintiff, that he had informed the plaintiff of the manner in which the defendant's stock account had been paid up and settled, which was by his being credited with 14 per cent., pursuant to the resolution which was afterwards rescinded; by the books of the company, as they stood at that time, the account of the defendant for stock appeared to have been fully paid up.

A verdict was taken for the plaintiff, by consent, subject to the opinion of the court on a cause containing the above facts.

*D. B. Ogden*, and *Wilkins*, for the plaintiff.

*Wells*, and *Slosson*, contra.

*Per Curiam.* There is no ground upon which this action can be sustained. The defendant cannot be charged with any fraudulent misrepresentation with respect to the value of the stock. The receipt given by him, to the plaintiff, for the money, is fairly to be understood as stating that thirty-five dollars had been paid upon each share. But the manner in which this payment had been made was known to the plaintiff before he purchased the stock, according to the testimony of *Monell*, who swears that he informed the plaintiff how the stock account of

the defendant was settled up and paid, by the allowance of four-teen per cent. upon the money paid in : and by the books of the company the defendant stood credited with 35 dollars paid upon each share. If the plaintiff was, therefore, acquainted with the situation of this stock, and the manner in which the 35 dollars had been paid up, he was as competent to judge of the legal effect and operation of such payment as the defendant. He was not misled as to facts, and there can be no reason why the defendant should take upon himself the risk of any subsequent order of the directors. Whether they had a right to pass the re-solution for crediting the stockholders with 14 per cent. upon the money paid in, or whether, after having done so, they had a right to rescind that resolution, are questions with which the defendant has no concern ; that is a matter between the plain-tiff and the directors. The plaintiff purchased the stock with his eyes open, knowing as much, with respect to the stock, as the defendant did. There is no evidence to warrant any charge of fraud or deception practised by the defendant; nor is there any warranty with respect to the stock. There is, therefore, no principle upon which the defendant can be made responsible for the loss upon the stock. Judgment must, accordingly, be for the defendant.

ALBANY,<br>August, 1816.

Judgment for the defendant.